IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ARAMBULA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SMART CHOICE DAYCARE CENTER INC., WESLEY JULIUS and DANIEKI TREMBLE,<br><br>　　　　Defendants. | No.<br><br>Judge<br><br>Magistrate Judge<br><br><br>Plaintiff Demands Trial By Jury |

## COMPLAINT

Plaintiff JUAN ARAMBULA brings this action to seek payment of wages denied him by his former employers, WESLEY JULIUS, and DANIEKI TREMBLE, his managers and the owners of the company that employed him, SMART CHOICE DAYCARE CENTER INC. (collectively "the Defendants").

### Parties

1. Juan Arambula was, at all times for which this Complaint seeks unpaid wages, an adult resident of Chicago, IL, and an employee under the definition of the term by §3(e) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e), §3(d) of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d), and §2 of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/2 and a covered employee under the definition of the term by the Chicago Municipal Code (CMC), Title 1, Chapter 24, §010.

2. Wesley Julius was, at all relevant times, an owner of and manager at Smart Choice Daycare Center Inc., and an employer of Mr. Arambula under the definition of §3(a),(d) of the FLSA, 29 U.S.C. §203(a),(d), §3(c) of the IMWL, §2 of the IWPCA, 820 ILCS 115/2 and of the CMC 1-24-010 .

3. Danieki Tremble was, at all relevant times, an owner of and manager at Smart Choice Daycare Center Inc., and an employer of Mr. Arambula under the definition of §3(a),(d) of the FLSA, 29 U.S.C. §203(a),(d), §3(c) of the IMWL, §2 of the IWPCA, 820 ILCS 115/2 and of the CMC 1-24-010

4. Smart Choice Daycare Center Inc. is an Illinois corporation with Danieki Tremble as its agent, president, and secretary, and an employer of Mr. Arambula under the definition of §3(a),(d) of the FLSA, 29 U.S.C. §203(a),(d), §3(c) of the IMWL, §2 of the IWPCA, 820 ILCS 115/2 and of the CMC 1-24-010.

## Venue and Jurisdictions

5. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b) and supplemental jurisdiction over Plaintiff's additional claims pursuant to 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district, and Defendants are located, reside, or do business in this district. Venue is also proper pursuant to 28 U.S.C. §1391(c) as Defendant Smart Choice Daycare Center Inc. is subject to personal jurisdiction in the state of Illinois.

**Factual Allegations**

7. Mr. Arambula began working for Defendants in August 2016 and performed work in construction, as an electrician, and as a handyman.

8. He worked for Defendants six days a week.

9. The parties agreed that Mr. Arambula would be paid $120 per day.

10. Mr. Arambula was instructed to report to work to one of the Defendants' two locations by 8 AM every day, based on instruction the previous day.

11. These two locations were at 63rd and California and at 100th and Cottage Grove, both in Chicago.

12. Mr. Arambula would arrive to work every day at 8 AM as instructed.

13. Despite Mr. Arambula being at work by 8 AM, his supervisor would regularly call to say he was running late and that he would be there within the hour but would then call every hour and repeat this often not arriving until noon or 1 PM.

14. Mr. Arambula would work every day until 5 PM or 6 PM.

15. This meant he was working 54 to 60 hours each week.

16. Despite the fact that the originally agreed-upon rate was $120 a day, Defendants paid Mr. Arambula only $300-$350 per week, with the exception of one week in which they paid him $400.

17. When Mr. Arambula inquired as to why he was not paid the full amount, his supervisors would either tell him he wasn't getting paid for the time between when he reported to work and when his supervisor eventually showed up or would tell Mr. Arambula to ask about it another time.

18. Based on a 54-hour work week, which was the lower bound of Mr. Arambula's weekly work hours, Defendants paid Mr. Arambula an effective hourly pay rate of $5.55 to $6.48 a week, with the exception of the week they paid him $400, when his effective hourly pay rate was $7.41.

19. Mr. Arambula was not paid any premium for those hours worked in excess of 40 hours each week.

20. Mr. Arambula ultimately left in January 2017 because of this failure to be paid his full wages.

## COUNT I

### Fair Labor Standards Act (FLSA), 29 U.S.C. §§201 et seq.

21. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

22. Under federal law, "every employer shall pay to each of his employees…not less than $7.25 an hour…." 29 U.S.C. §206(a)(1)(C).

23. Federal law further states that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1).

24. At various times alleged above, Defendants failed to pay Plaintiff Arambula at a rate of or in excess of $7.25, in violation of 29 U.S.C. §206(a)(1)(C).

25. At various times alleged above, Plaintiff Arambula worked in excess of 40 hours a week.

26. Defendants failed to pay Plaintiff Arambula one and one half times his standard hourly pay rate for those hours worked in excess of 40 hours, in violation of 29 U.S.C. §207(a)(1).

27. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

28. As a result of these violations, Plaintiff Arambula suffered damages in the form of lost wages.

29. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Arambula makes the following prayer for relief pursuant to 29 U.S.C. §216(b):

    a. All unpaid wages below the minimum wage owed to Plaintiff Arambula;

    b. All unpaid overtime owed to Plaintiff Arambula;

    c. Liquidated damages in an equal amount;

    d. Attorneys' fees;

    e. All other relief this court may deem just and proper.

## COUNT II

### Illinois Minimum Wage Law (IMWL), 820 ILCS 105/

30. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

31. Under Illinois law, "after July 1, 2010 every employer shall pay to each of his or her employees…in every occupation wages of not less than $8.25 per hour." 820 ILCS 105/4(a)(1).

32. Illinois law also requires that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed." 820 ILCS 105/4a(1).

33. At various times alleged above, Defendants failed to pay Plaintiff Arambula at a rate of or in excess of $8.25 per hour, in violation of 820 ILCS 105/4(a)(1).

34. At various times alleged above, Plaintiff Arambula worked in excess of 40 hours a week.

35. Defendants failed to pay Plaintiff Arambula one and one half times his standard hourly pay rate for those hours worked in excess of 40 hours, in violation of 820 ILCS 105/4(a)(1).

36. Upon information and belief, Defendants' violations of IMWL were willful.

37. As a result of these violations, Plaintiff Arambula suffered damages in the form of lost wages.

38. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Arambula makes the following prayer for relief pursuant to 820 ILCS 105/12(a):

   a. All unpaid wages below the minimum wage owed to Plaintiff Arambula;

   b. All unpaid overtime owed to Plaintiff Arambula;

   c. Liquidated damages to be calculated at trial;

   d. Attorneys' fees;

   e. All other relief this court may deem just and proper.

## COUNT III
### Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/

39. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

40. Under Illinois law, "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned." 820 ILCS 115/4.

41. Under the IWPCA, "'wages' shall be defined as any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2.

42. At the beginning of their employment relationship, Plaintiff Arambula and Defendants agreed to a pay rate of $120 per day.

43. At various times alleged above, Defendants refused to pay Plaintiff Arambula this agreed-upon rate.

44. Defendants have still not paid Plaintiff Arambula at the agreed-upon rate for his work.

45. Further, as alleged elsewhere in this Complaint, Defendants had a legal obligation to pay Plaintiff Arambula an effective hourly rate of no less than $10.50 per hour, as well as an effective hourly rate of $15.75 for all hours worked in excess of 40 hours a week.

46. Defendants' failure to pay Plaintiff Arambula violates 820 ILCS 115/4.

47. As a result of these violations, Plaintiff suffered damages in the form of lost wages.

48. Defendants are joint and severally liable.

THEREFORE, Plaintiff Arambula makes the following prayer for relief pursuant to 820 ILCS 1(a)15/14:

    a. All unpaid wages owed to Plaintiff Arambula at the rate required by municipal, state, and federal law;

    b. In the alternative, all unpaid wages owed to Plaintiff Arambula at the agreed-upon rate;

 c. Liquidated damages pursuant to the statute to be calculated at trial;

 d. Attorneys' fees;

 e. All other relief this court may deem just and proper.

## COUNT IV

### Chicago Minimum Wage Ordinance, Municipal Code of Chicago Chapter 1-24

49. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

50. Under Chicago law, "[b]eginning on July 1, 2016," every Employer shall pay no less than…$10.50 per hour." CMC 1-24-020.

51. Chicago law further establishes that "[t]he Wages set out in Sections 1-24-020 and 1-24-030 are subject to the overtime compensation provisions in the Minimum Wage Law…" CMC 1-24-040.

52. At various times alleged above, Defendants failed to pay Plaintiff Arambula at a rate of or in excess of $10.50 an hour, in violation of CMC 1-24-020.

53. At various times alleged above, Plaintiff Arambula worked in excess of 40 hours a week.

54. Defendants failed to pay Plaintiff Arambula one and one half times his standard hourly pay rate for those hours worked in excess of 40 hours, in violation of CMC 1-24-040.

55. As a result of these violations, Plaintiff Arambula suffered damages in the form of lost wages.

56. Defendants are jointly and severally liable.

THEREFORE, Plaintiff Arambula makes the following prayer for relief pursuant to CMC 1-24-110:

 a. All unpaid wages owed to plaintiffs;

    b. Liquidated damages in twice that amount;

    c. Attorneys' fees;

    d. All other relief this court may deem just and proper.

## COUNT IV

### Breach of Contract

57. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

58. In the alternative, if Plaintiff Arambula is found not to be a statutory employee but instead an independent contractor, Defendants' agreement with Plaintiff Arambula that he work for them and in exchange be paid $120 per day constituted a contract.

59. Defendants' failure to pay Plaintiff Arambula the full amount agreed to for his work constituted a breach of contract.

THEREFORE, Plaintiff Arambula makes the following prayer for:

    a. Remedies for the breach of contract in the amount of unpaid wages owed to plaintiff;

    b. All other relief this court deems just and proper.

Respectfully submitted,
/s/Will Bloom
Plaintiffs' Attorney

Will Bloom
Community Activism Law Alliance
17 N. State Street, Suite 1380
Chicago, IL 60602
(312) 999-0056
will@calchicago.org
Atty No. 6326599

Deanne Medina
Community Activism Law Alliance
17 North State Street, Suite 1380

Chicago, IL 60602
(312) 999-0056
deanne@calachicago.org
Atty No. 6273485