UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ARAMBULA,<br><br>     *Plaintiff*,<br><br>v.<br><br>SMART CHOICE DAYCARE CENTER,<br>Inc., et al.,<br><br>     *Defendant*. | No. 1:18-cv-05514<br><br>Judge Charles R. Norgle<br>Magistrate Judge Jeffrey Cole |

## **MOTION FOR ENTRY OF FINAL JUDGMENT**

  Plaintiff Juan Arambula, by and through his attorney, Wallace Hilke of Beyond Legal Aid, moves this honorable court to enter a Final Judgment against all Defendants. In support thereof, Plaintiff states:

1. This Court granted Plaintiff's motion for default judgment on January 9, 2020 (Docket Entry #21).

2. A prove-up hearing was set for March 31, 2020 (Docket Entry #27), but said hearing did not take place due to the COVID-19 pandemic.

3. As exhibits to this motion, Plaintiff has provided the necessary documentation for entry of Final Judgment, including an affidavit by Plaintiff in support of damages (Exhibit 1) and an affidavit from Plaintiff's counsel regarding attorney fees incurred and affirming that Plaintiff has no reason to believe that Defendants are currently in military service (Exhibit 2).

4. Plaintiff brought causes of action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201 et seq, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/, the Illinois

1

Wage Payment and Collection Act (IWPCA), 820 ILCS 115/, the Chicago Minimum Wage Ordinance, Municipal Code of Chicago Chapter 1-24, and for breach of contract (Docket Entry #2). As Plaintiff's damages are greatest under the Chicago Minimum Wage Ordinance, and Defendants are liable for unpaid wages and overtime under the Chicago Minimum Wage Ordinance, final judgment should be entered for damages as calculated under the Chicago Minimum Wage Ordinance.

5. Plaintiff is entitled to treble damages and reasonable attorney's fees for unpaid wages, wages below Chicago's minimum wage, and overtime under the Chicago Minimum Wage Ordinance. Municipal Code of Chicago, 1-24-020, 1-24-040, 1-24-110.

6. As the Chicago Minimum Wage Ordinance does not contain a statute of limitations, the statute of limitations for the Chicago Minimum Wage Ordinance is at least five years under the "unwritten contracts" and "catch-all" provisions of 735 ILCS 5/13-205. *See People ex rel. Ill. DOL v. Tri State Tours, Inc., 342 Ill. App. 3d 842, 848,* (2003) (applying five-year "catch-all" limitations period to claims under the Illinois Wage Payment and Collection Act, where the Act did not specify a statute of limitations.)

7. Plaintiff's affidavit and supporting exhibits (Exhibit 1) and the affidavit of Plaintiff's counsel (Exhibit 2) establish the elements necessary for Plaintiff to recover on his Chicago Minimum Wage Ordinance claims: Plaintiff worked in Chicago for his employers, Defendants Wesley Julius, Danieki Tremble, and Smart Choice Daycare Center, Inc. He was not paid for work performed, was paid less than the Chicago minimum wage, and was not paid overtime. His employers employed around 8 employees, greater than the four employees required for the Chicago Minimum Wage

2

Ordinance to apply. Defendants are jointly and severally liable to Plaintiff for his damages, as they jointly employed him in his work.

8. Plaintiff's damages under the Chicago Minimum Wage Ordinance, as evinced by Exhibit 1, are $24,318.00.

9. Plaintiff's attorney's fees, as audited and verified by his attorney in Exhibit 2, are $12,435.

WHEREFORE, Plaintiff Juan Arambula moves this honorable court to enter a final judgment in the amount of $36,753 against Defendants Wesley Julius, Danieki Tremble, and Smart Choice Daycare Center, Inc.

                                                Respectfully submitted,

                                                /s/ Wallace Hilke
                                                Plaintiff's Attorney

Wallace Hilke
IL Bar # 6329814
Beyond Legal Aid
17 North State Street
Chicago, IL 60602
(312) 973-7308
whilke@beyondlegalaid.org